# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

                Plaintiff,

-vs-

D-1   KAREN E. LARSON,

                Defendant.

Case No: 18-20478

HON. TERRENCE G. BERG

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ADJOURN DATES AND FOR LEAVE TO FILE ADDITIONAL MOTIONS

Now Comes the United States of America, by Matthew Schneider, United States Attorney, and Stanley J. Janice, Assistant United States Attorney, who, in response to Defendant Karen Larson's Motion To Adjourn Dates and for Leave to File Additional Motions, state as follows:

1.  Defendant Karen Larson is charged in an Indictment with the offenses of Conspiracy To Commit Mail and Wire Fraud, in violation of 18 U.S.C. §1349 *(Count 1),* and 12 Counts of Wire Fraud, Aiding and Abetting, in violation of 18 U.S.C. §1343 *(Counts 2–13).* The charges relate to allegations that the defendant directed a fraudulent loan scheme.

˜1˜

2. The defendant was arraigned on the Indictment on October 5, 2018.

3. Pursuant to F.R.Cr.P 16 and the Local Standing Order for Discovery, the government has provided counsel for the defendant with a disc containing hundreds of pages of discovery documents. The government has also provided counsel with an index of additional materials that are in the possession of the United States Postal Inspection Service and are available for inspection, review, and copying. These items include, but are not limited to, thousands of pages of business records, bank records, and loan documents. Additionally, the government has provided counsel with a CD of a recorded conversation that the defendant submitted to the Court in a related civil case.

4. The government may also provide early disclosure of certain Jencks material.

5. In light of the nature of the case and the extensive amount of discovery material that has been made available to the defendant pursuant to F.R.Cr.P 16 and the Local Standing Order for Discovery, the government believes that:

> a. it is unreasonable to expect adequate preparation for pretrial and trial proceedings within the time limits of the Speedy Trial Act. 18 U.S.C. §3161(h)(7)(B)(ii);

      b.    that additional time is necessary for effective preparation for pretrial and trial proceedings by the defendant, taking into account the exercise of due diligence. 18 U.S.C. '§3161(h)(7)(B)(ii);

      c.    that additional time is needed to prevent a miscarriage of justice, and that granting a continuance outweighs the interests of the defendant and the public in a speedy trial. 18 U.S.C. §3161(h)(7)(A) & (B)(I).

WHEREFORE, the government does not oppose the defendant's motion to extend dates in the instant matter for an additional 90 days.

    Respectfully submitted,

    MATTHEW SCHNEIDER
    United States Attorney

    John K. Neal
    Chief, White Collar Crimes Unit

    *s/Stanley J. Janice*
    Stanley J. Janice
    Assistant United States Attorney
    211 W. Fort, Suite 2001
    Detroit, MI   48226
    Tel: 313.226.9740
    Email: lee.janice@usdoj.gov

Dated: 10/30/2018

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

                                      Case No. 18-20478

        Plaintiff,

                                      HON. TERRENCE G. BERG

-vs-

D-1   KAREN E. LARSON,

        Defendant.

___

## GOVERNMENT'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION TO ADJOURN DATES AND FOR LEAVE TO FILE ADDITIONAL MOTIONS

Defendant Karen Larson is charged in an Indictment with the offenses of Conspiracy To Commit Mail fraud and Wire Fraud, in violation of 18 U.S.C. §1349 *(Count 1),* and 12 Counts of Wire Fraud - Aiding and Abetting, in violation of 18 U.S.C. §1343 *(Counts 2 – 13).* The Indictment alleges that the defendant directed a fraudulent loan scheme through her business, Larson Insurance Solutions agency.

The defendant was arraigned on the Indictment on October 5, 2018. On October 15, 2018, the government provided counsel for the defendant with a disc

containing hundreds of pages of discovery documents. The government also provided counsel for the defendant with an index of additional materials that are in the possession of the United States Postal Inspection Service, and are available for inspection, review, and copying. These items include, but are not limited to, thousands of pages of business records, bank records, and loan documents.

Additionally, on October 24, 2018, the government provided counsel for the defendant with a CD of a recorded conversation that the defendant submitted to the Court in a related civil case. The government may also provide early disclosure of certain Jencks material.

In light of the extensive amount of discovery material that has been made available pursuant to F.R.Cr.P 16 and the Local Standing Order for Discovery, the government believes that it is unreasonable to expect adequate preparation for pretrial and trial proceedings within the time limits of the Speedy Trial Act. 18 U.S.C. §3161(h)(7)(B)(ii). The government agrees that additional time is necessary for effective preparation for pretrial and trial proceedings by the defendant, taking into account the exercise of due diligence. 18 U.S.C. §3161(h)(7)(B)(ii).

In summary, the government believes that the defendant requires additional time to review discovery materials, prepare and file motions, and if necessary to prepare for trial, and that granting a continuance outweighs the interests of the

defendant and the public in a speedy trial. 18 U.S.C. §3161(h)(7)(A) & (B)(I).

WHEREFORE, the government does not oppose the defendant's motion to extend dates in the instant matter for an additional 90 days.

>
> Respectfully submitted,
>
> MATTHEW SCHNEIDER
> United States Attorney
>
> John K. Neal
> Chief, White Collar Crimes Unit
>
>
> *s/Stanley J. Janice*
> Stanley J. Janice
> Assistant United States Attorney
> 211 W. Fort, Suite 2001
> Detroit, MI   48226
> Tel: 313.226.9740
> Email: lee.janice@usdoj.gov

Dated: 10/30/2018