UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          CR. NO. 18-20478
                                              HON. TERENCE G. BERG

KAREN E. LARSON,

    Defendant.

_____/

**STIPULATION TO SET DEADLINES
AND FIND EXCLUDABLE DELAY**

**NOW COME** the parties, by and through their respective counsel, and stipulate and agree to the adjournment of trial by no less than 180 days.

**IT IS FURTHER STIPULATED** that the time period from May 27, 2022, through and including December 6, 2022, the new trial date set by the Court, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 (h)(7)(A), because the ends of justice served by a finding of excludable delay outweigh the best interests of the public and the defendant in a speedy trial.

The parties stipulate and agree that an ends of justice continuance is appropriate as Counsel and the Defendant require additional time to review the discovery, investigate the case, and determine what pretrial motions should be filed. In addition, Defendant has requested, and the Government has made available for off-site review numerous business records in the Government's possession. Furthermore, due to Defendant's numerous

medical issues and the ongoing covid pandemic, Defendant and Counsel have not been able to meet or effectively review the discovery. Finally, if the Court's rulings on any pretrial motions do not resolve the case, the parties would require additional time to pursue plea negotiations and/ or prepare the case for trial. Therefore, the failure to grant this continuance would unreasonably deny Counsel and the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. 3161(h)(7)(B)(iv). Finally, the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. 3161(h)(7)(A).

Therefore, the parties stipulate and request the Court to continue the motion cut-off, the plea cut-off/ final pretrial conference, and the trial date in this matter for no less than 180 days. The parties request that the Court find that, under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by the requested continuance outweigh the best interests of the defendant and the public in a speedy trial, such that the resulting period of delay shall be excluded in computing the time within which the trial must commence.

**IT IS SO STIPULATED.**

s/Stanley J. Janice  (w/ consent)
Stanley J. Janice
AUSA
211 W. Fort Street
Suite 2001
Detroit, MI 48226

s/David C. Tholen
David C. Tholen
Attorney for Defendant
Federal Community Defender
613 Abbott, Ste. 500
Detroit, MI 48226

Dated: February 17, 2022

-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CR. NO. 18-20478
                                      HON. TERENCE G. BERG

KAREN E. LARSON,

        Defendant.

                                      /

**ORDER TO SET DEADLINES
AND FIND EXCLUDABLE DELAY**

The Court, having been fully advised by the respective parties, states as follows:

**IT IS ORDERED** that the time period from May 27, 2022, through and including December 6, 2022, the new trial date set by the Court, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), because the Court finds that the ends of justice served in finding excludable delay outweigh the best interests of the public and the defendant in a speedy trial. The Court makes this finding based on the following considerations:

    1.    That Counsel and the Defendants require additional time to review the discovery, investigate the case, and to determine what pretrial motions will be filed in this matter.

-

2. That Defendant and Counsel need time to review numerous business records in the Government's possession.

3. That due to Defendant's numerous medical issues and the ongoing covid pandemic, Defendant and Counsel have not been able to meet or effectively review the discovery.

4. That if the Court's rulings on any pretrial motions do not resolve the case, the parties would require additional time to pursue plea negotiations and/ or prepare the case for trial.

5. That the failure to grant this continuance would unreasonably deny Counsel and the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See 18 U.S.C. 3161(h)(7)(B)(iv).

6. Furthermore, the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. 3161(h)(7)(A).

-

**IT IS FURTHER ORDERED** that the following deadlines will apply to these proceedings:

- Motion Cut-Off: August 15, 2022

- Plea Hearing/Cut-Off and Final Pretrial Conference: November 17, 2022 at 10:00 a.m.

- Trial: December 6, 2022 at 8:30 a.m.

**IT IS SO ORDERED.**

/s/Terrence G. Berg
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Entered: May 27, 2022

-